UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

                Plaintiff,

-against-

CITY OF YONKERS,

                Defendant.

18-CV-4313 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

On June 20, 2018, the Court dismissed this action for failure to state a claim on which relief can be granted. The order and judgment were mailed to Plaintiff the same day. Nearly three years later, on March 9 and 19, 2021, Plaintiff filed motions for an extension of time to appeal (ECF Nos. 6-7).

For the reasons set forth below, the Court denies Plaintiff's motions.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5), must do so, at the latest, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *See Goode*, 252 F.3d at 245

("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

The Court can also grant a motion for an extension of time if it finds that: (1) the moving party did not receive notice of the entry of judgment within 21 days after entry, *and* (2) the motion is filed within 180 days after the judgment or order is entered *or* within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier. *See* Fed. R. Civ. P. 4(a)(6).

Plaintiff alleges that his address of record is the home of his mother and sister; he states that he did not receive the order and judgment mailed to their residence because in June 2018, he was taken into custody at Westchester County Jail. He states that "the custodian of mail did not notify" him. Because Plaintiff's motions for an extension of time to appeal, filed in February 2021, were brought too late, the Court denies the motions.

Plaintiff has not filed a change of address, but it appears that he is currently incarcerated in the George R. Vierno Center on Rikers Island under book and case number 2412000424. The Court therefore directs the Clerk of Court to update Plaintiff's address, as set forth in his most recent filing.

**CONCLUSION**

The Court denies Plaintiff's motions for an extension of the time to file a notice of appeal. (ECF Nos. 6-7.) The Court directs the Clerk of Court to change Plaintiff's address to the following: George Burns, #241200042, George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, NY 11370.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: July 15, 2021
       New York, New York

                                                        COLLEEN McMAHON
                                               Chief United States District Judge